HARRY E. PRINCE *vs.* SIDNEY CURTIS & another.[1] March 14, 1973. This action of tort for libel is based on a series of articles attacking the plaintiff, a lawyer and a candidate for public office. Copies of the

---

[1] Revere Journal, Inc.

allegedly defamatory articles are attached to and incorporated by reference in the declaration. The plaintiff is accused of, among other things, refusing to pay real estate taxes to the city of Revere and of operating certain games at Revere Beach without licenses. The publications "related to the plaintiff's involvement in an event of public or general concern." *Priestley* v. *Hastings & Sons Publishing Co. of Lynn,* 360 Mass. 118, 123. The declaration alleges the publications to be malicious and their contents to be false, but it does not allege "that the defendant[s] either knew [they were] false or published [them] with reckless disregard of whether [they were] false," as required by *Roketenetz* v. *Woburn Daily Times, Inc., ante,* 156 decided this day. See *New York Times Co.* v. *Sullivan,* 376 U. S. 254, 280; *Twohig* v. *Boston Herald-Traveler Corp.* 362 Mass. 807, 808. As the demurrers must be sustained on this ground, we do not reach the question whether the publications were defamatory. Since, as in the *Roketenetz* case, the effect of the *New York Times* standard on the rules of pleading has not heretofore been considered by the Supreme Judicial Court or by this court, the plaintiff is given leave to file a motion to amend the declaration, which should be allowed if the proposed amendment is in conformity with this opinion and that in the *Roketenetz* case.

> *Orders sustaining demurrers affirmed.*
> *Judgment for the defendants unless within sixty days after rescript a motion to amend the declaration in conformity with this opinion and that in the Roketenetz case has been allowed in the Superior Court.*

*Frederick T. Golder* for the plaintiff.
*Stephen T. Kunian* for the defendants.